IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CR-00027-F-1
No. 7:12-CV-00145-F

| | |
|---|---|
| DANIEL DERILL SUTTON, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before this court on the government's motion to dismiss [DE-26] Petitioner Daniel Sutton's ("Sutton" or "Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-22]. Sutton responded to the government's motion. [DE-28]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be denied.

## I. BACKGROUND

On June 13, 2005, Sutton pled guilty without a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), as charged in the single-count criminal indictment. [DE-1, -12]. The U.S. Probation Office determined that Sutton had two prior felony state convictions of either a crime of violence or controlled substance offense, resulting in a base offense

level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2).[1] Presentence Report ("PSR") ¶¶ 14-15, 45. Petitioner generally objected to the base offense level calculation in paragraph 45 as information "exceeding the description contained in the Indictment." *See* PSR Addendum. On September 20, 2005, Sutton appeared before the district court, with the presence of defense counsel, for sentencing on his firearm offense and the court sentenced Petitioner to a term of 120 months' imprisonment and three years supervised release.[2] [DE-12] at 2-3.

Petitioner filed a Notice of Appeal on September 21, 2005, appealing his sentence and conviction, which the Fourth Circuit affirmed on December 7, 2006.[3] [DE-13, -18]. Petitioner did not file a petition for *certiorari*. Counsel for Petitioner entered a notice of appearance of April 11, 2012. [DE-21]. On May 30, 2012, Petitioner filed through counsel the instant motion to vacate, set aside or correct sentence pursuant to § 2255 alleging that his base offense level was improperly calculated in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).[4] Pet'r's Mem. [DE-23] at 1-4. On September 24, 2012, the government filed its motion to dismiss, Gov't's Mot. to Dismiss [DE-26], to which Petitioner filed his response,

---

[1] The government concedes that pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), Petitioner's August 30, 2001 conviction for Possession with Intent to Sell and Deliver cocaine, [DE-22-1] at 5-8, was not punishable by more than one year imprisonment, and as such, the conviction cannot serve to enhance Petitioner's base offense level. Gov't's Mem. [DE-27] at 4 n.2. However, the government still seeks dismissal on the grounds that Petitioner's motion is untimely and not cognizable on collateral review.

[2] Irrespective of a higher Guidelines range, the statutory maximum imprisonment term the court could impose was 120 months. *See* PSR ¶¶ 56-57.

[3] Petitioner argued on appeal that his sentence is unreasonable because he obtained no benefit from his three-level adjustment for acceptance of responsibility. *See United States v. Sutton*, 208 F. App'x 195 (4th Cir. 2006) (unpublished op.).

[4] The inmate locator on the Bureau of Prisons website indicates that Petitioner was released from imprisonment on December 6, 2013, after completing his term of imprisonment imposed by the court. *See* http://www.bop.gov/inmateloc/. (last visited April 1, 2014). Therefore, Petitioner is now serving his term of supervised release imposed by the court. Petitioner filed the instant motion while incarcerated. 28 U.S.C. § 2255(a) (stating a petitioner must be a prisoner in custody to obtain § 2255 relief).

2

Pet'r's Resp. [DE-28].

## II. LEGAL STANDARDS

### A.     Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## B. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

## III. DISCUSSION

Petitioner asserts in his § 2255 motion that his base offense level was improperly enhanced for two prior controlled substance offenses in light of the Fourth Circuit's holding in *Simmons*. Pet'r's Mot. at 5; Pet'r's Mem. at 2-4. In its motion to dismiss, the government alleges that dismissal is warranted for the following reasons: Petitioner's § 2255 motion is untimely and Petitioner's

4

Guidelines claim is not cognizable in a § 2255 motion. Gov't's Mem. at 5-7.

Section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the latest of four possible triggering events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4). "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

Petitioner filed his motion more than one year after his conviction became final and his motion is not timely. 28 U.S.C. § 2255(f)(1); *see Clay v. United States*, 537 U.S. 522, 525 (2003) (stating that § 2255's one-year limitation period begins when the time for filing a petition for *certiorari* expires). However, Petitioner argues that his motion is timely when viewed under (f)(4) because his motion was filed within one year of the Fourth Circuit's decision in *Simmons*.[5] Pet'r's Mem. at 5-7. Section 2255(f)(4) provides that the one-year limitations period begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence." Relying on (f)(4), Petitioner cites *Johnson v. United States*, 544 U.S. 295 (2005), and *Gadsen* in support of his argument that new legal authority constitutes "facts" supporting

---

[5] *Simmons* was decided on August 17, 2011. Petitioner filed his motion on May 30, 2012.

5

re-starting the one-year limitations period. Pet'r's Mem. 5-7. *Johnson* and *Gadsen* each held that a state court's vacatur of a petitioner's prior state conviction constitute "facts" under § 2255(f)(4). Thus, the limitations period began tolling on the date of notice of the state-court vacatur. *Johnson*, 544 U.S. at 310. Petitioner contends that the Fourth Circuit's decision in *Simmons* constitutes "facts" supporting his claim and that the one-year limitations period for filing his § 2255 motion should be deemed to have commenced on August 17, 2011, for purposes of § 2255(f)(4). While it is true that under *Johnson*, "facts" may "include court rulings and the legal consequences of known facts, the court ruling or legal consequence must have occurred in the petitioner's *own case.*" *Goode v. United States*, Nos. 5:06-CR-81-BO-1, 5:12-CV-345-BO, 2012 WL 4577244, at *1 (E.D.N.C. Oct. 2, 2012) (internal citation omitted) (citing *Shannon v. Newland*, 410 F.3d 1083, 1088-89) (9th Cir. 2005)); *see also United States v. Hardison*, Nos. 4:08-CR-77-FL-2, 4:11-CV-196-FL, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) (observing that *Johnson* and *Gadsen* each involved the vacatur of petitioner's *own* prior state conviction directly eliminating petitioner's status as a convict); *Walton v. United States*, Nos. 2:07-CR-17-F-1, 2:11-CV-69-F, 2013 WL 1309277, at *3 (E.D.N.C. Mar. 28, 2013). *Simmons* was not part of Petitioner's own litigation history and does not apply directly to him. Because Petitioner has pointed to no action invalidating his state convictions, the reasoning employed in *Johnson* and *Gadsen* to trigger §2255(f)(4) does not apply. Accordingly, Petitioner's motion is untimely.[6]

In the event the motion is deemed untimely, Petitioner argues that equitable tolling should

---

[6] Petitioner's motion is untimely under each prong of § 2255(f). Moreover, the recent Fourth Circuit case of *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), does not change the conclusion that Petitioner's motion is untimely. *Id.* at 143 (noting that the government waived the statute of limitations "which would normally bar Miller's motion as untimely").

6

apply. Pet'r's Mem. at 7-8. Specifically, Petitioner contends that the change in Fourth Circuit law brought about by *Simmons* was an "extraordinary circumstance" and, in addition, that he filed his § 2255 petition as soon as practicable after his claim for relief arose under *Simmons*. *Id.* Petitioner's equitable tolling argument appears to be based on the limitations period described in § 2255(f)(3) which re-opens the time period based on the date the asserted right was initially recognized. Pet'r's Resp. at 2-3 (citing *Taylor v. United States*, 867 F. Supp. 2d 793 (2012) (discussing equitable tolling under § 2255(f)(3) based on *Simmons*)).[7] The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). This court has held that many defendants are in the "same procedural dilemma" as Petitioner and *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012), definitively held that *Carachuri-Rosendo* is not retroactively applicable on collateral review, thereby foreclosing Petitioner's situation from being an "extraordinary circumstance." *Walton*, 2013 WL 1309277, at

---

[7] In the *Taylor* decision cited by Petitioner in support of his equitable tolling argument, the court held that *Carachuri-Rosendo* is retroactively applicable and that *Simmons* interpretation of *Carachuri-Rosendo* was an extraordinary circumstance requiring equitable tolling. *Id.* at 798-99. Additionally, the court relied on *United States v. Dodd*, 545 U.S. 353 (2005), which held that the limitations period under § 2255(f)(3) runs from the date the right is initially recognized by the Supreme Court, to determine that the date of the Supreme Court's *Carachuri-Rosendo* decision which controls under (f)(3) must be equitably tolled to August 17, 2011, when the Fourth Circuit decided *Simmons*. *Taylor*, 867 F. Supp. 2d at 800. The court thereby granted Mr. Taylor's § 2255 petition.

Subsequent to granting Mr. Taylor's petition, the Fourth Circuit decided *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012), which held that the rule in *Carachuri-Rosendo* is not retroactively applicable on collateral review. *Powell*, 691 F.3d at 558-59. On a motion to reconsider by the government, the court dismissed Mr. Taylor's § 2255 petition as foreclosed by *Powell*'s holding and therefore untimely. *See United States v. Taylor*, No. 5:04-CR-195-BO, Aug. 23, 2012 Order [DE-73].

7

*4 (quoting *Grimes v. United States*, No. 5:08-CR-103-H, 2013 WL 140041, at *2 (E.D.N.C. Jan. 10, 2013)); *see also Goode*, 2012 WL 4577244, at *1 (finding equitable tolling did not apply in light of *Powell*). Thus, Petitioner has not demonstrated that he is entitled to equitable tolling. Accordingly, Petitioner's § 2255 motion is untimely.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that Petitioner's motion [DE-22] under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence be DENIED and that the government's motion to dismiss [DE-26] Petitioner's § 2255 petition be ALLOWED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO SUBMITTED, this the 1st day of April 2014.

Robert B. Jones, Jr.
United States Magistrate Judge